Richardson, J.,
delivered the opinion of the court:
The acting assistant quartermaster at Austin, Tex., having invited proposals and received bids, awarded to the claimant, *273 who was the lowest bidder, the contract annexed to his petition. When he invited proposals the assistant quartermaster acted upon general instructions given to his predecessor in office by the chief quartermaster of the military department in Texas$ but it is not necessary to determine whether or not he succeeded to the authority thus given to his predecessor, because, before making an award upon the proposals, he telegraphed to the chief quartermaster, and was specially directed to accept the bid and make the contract with the claimant. This direction of the chief quartermaster was a ratification and adoption of the acts of his assistant, and rendered them as valid as though they had been previously authorized.
After some delay the contract was signed by the assistant quartermaster and by the claimant, a bond, with surety, was given by the latter for the performance of his agreements, and said contract and bond were then accepted by the defendants, and have ever since been retained by them. As soon as the bid was accepted the claimant commenced delivering the supplies therein provided for, and continued to perform the terms of the contract on his part, both before and after the same was signed, without objection from General Custer, the commanding officer, who indorsed his approval in writing upon vouchers issued to the petitioner, wherein it was expressly set forth that the supplies were furnished under this contract, and these vouchers, so indorsed, were paid by the defendants. General Custer knew of the claimant’s bid, its acceptance, and the awarding of the contract to him.
Subsequently, after the petitioner had delivered all the supplies required of him except 4,500 bushels of corn, and after General Custer had been superseded in command by General Sturgis, the latter refused to receive any more corn of the claimant on his contract, for the reason that he could purchase the same at a less price in the market, alleging at the same time that the contract was not valid and binding on the defendants, because it had not been properly approved by General Custer. The approval of General Custer was not indorsed on the contract in writing until after he was mustered out of service, and that appears to be the only objection to its validity.
In Speed v. The United States, (2 C. Cls. R., 492,) this court held that where a contract provides that it shall be subject to-the approval of the Commissary-General, but does not pre *274 scribe any mode by which the approval shall be evidenced, there being no rule of law which prescribes any, it may be proved circumstantially; and on appeal that decision was affirmed by the Supreme Court. (7 id. 93, and 8 Wall., 77.)
In this case the contract itself does not in terms require the approval of any officer, and there is no provision of law or regulation of the War Department expressly requiring the approval Of the commanding officer to such a contract. If the approval of General Ouster were necessary, he certainly was not required to indorse it in writing on the contract, and it may be inferred from the circumstances. We give no force to the written indorsement of General Ouster made after he was mustered out of service, but his previous acts, while in command, are sufficient to establish the fact of his approval. He knew of the bid of the claimant, its acceptance, and the awarding of the contract. He knew also that the claimant was delivering supplies under the contract, and he indorsed his written approval on the vouchers issued to the petitioner for the supplies so delivered, and the defendants made payments on said vouchers. We think that these acts of General Ouster were much stronger evidence of the approval of a contract than were those of the Commissary-General in Speed’s Case, which the Supreme Court held to be sufficient proof of the fact, and that such approval, in addition to the facts that the contract was accepted by the defendants and payments made thereunder, fully established its validity.
The claimant was bound to perform his part of the contract, and so were the defendants bound to perform their part, and for the breach thereof by them the claimant is entitled to recover the sum of $5,625, found by the court to be the amount of his damages.